## McQUEEN v. BROWN.

(City Court of New York, General Term. October 30, 1896.)

TRIAL—TAKING CASE FROM JURY.

Testimony of defendant, corroborated by that of his son, does not overcome the contradictory testimony of plaintiff to such an extent as to entitle him to a dismissal on the merits or the direction of a verdict in his favor.

Appeal from trial term.

Action by John McQueen against John Brown for work and labor. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for new trial, made on the minutes, defendant appeals. Affirmed.

Argued before VAN WYCK, C. J., and SCHUCHMAN, J.

Robt. H. Racey, for appellant.

J. Baldwin Hands, for respondent.

VAN WYCK, C. J. This cause was tried without an objection or exception by either plaintiff or defendant, except that defendant had noted an exception to the denial of his motion on the minutes for a new trial. The defendant did not move for a nonsuit, nor for a dismissal on the merits, nor did he request the direction of a verdict in his favor. The action was for a balance for work and labor performed by plaintiff in and about a building belonging to defendant,—the plaintiff testifying in support of his contention that the work was done as alleged, and that the balance was due and unpaid; while the defendant testified that there was a fixed price for part of the work, and that he had paid such price, and a further sum for the reasonable value of the other work, and he was corroborated by his 15 year old son. This conflicting evidence on the main issue had to be submitted to the jury, and it would have been error for the judge to have taken the case from the jury, even if defendant had properly requested a dismissal or verdict in his favor, and the motion for new trial was properly denied.

The judgment and order appealed from are affirmed, with costs.